UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KURLAND & ASSOCIATES, P.C., *doing business as The Kurland Group*,

                                        Plaintiff,

                    -v-

GLASSDOOR, INC.,

                                        Defendant.

19 Civ. 8070 (PAE)

<u>ORDER</u>

---

PAUL A. ENGELMAYER, District Judge:

On August 28, 2019, defendant Glassdoor, Inc., removed this case from New York Supreme Court, New York County, invoking this Court's diversity jurisdiction.  *See* Dkt. 1 ("Removal Notice").  Before the Court is Glassdoor's motion to dismiss plaintiff Kurland & Associates P.C.'s ("Kurland Group") Second Amended Complaint.  Dkt. 30.  Because the Court concludes that it lacks subject matter jurisdiction, the motion is denied without prejudice, and this matter is remanded *sua sponte* to New York Supreme Court pursuant to 28 U.S.C. § 1447(c).

 Congress has vested this Court with "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and, *inter alia*, the parties are "citizens of different States."  28 U.S.C. § 1332(a)(1).  "In tandem with this limited grant of jurisdiction, the federal removal statute allows a defendant to remove an action to the United States District Court" when an action commenced in state court could have been brought in federal court in the first instance.  *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013); *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010); *see* 28 U.S.C. § 1441.  As with cases that are originally filed in federal court, however, the "failure of subject matter jurisdiction is not waivable and may be raised at any time

by a party or by the court *sua sponte*." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*,

211 F.3d 697, 700 (2d Cir. 2000); *see also Vaghela-Omanoff v. Ryder Truck Rental, Inc.*,

No. 19 Civ. 4390 (JPO), 2019 WL 2193820, at *1 (S.D.N.Y. May 21, 2019).  "If at any time

before final judgment it appears that the district court lacks subject matter jurisdiction, the case

*shall be remanded*."  28 U.S.C. § 1447(c) (emphasis added).  "[I]n light of the congressional

intent to restrict federal court jurisdiction, as well as the importance of preserving the

independence of state governments, federal courts construe the removal statute narrowly,

resolving any doubts against removability." *Purdue Pharma L.P.*, 704 F.3d at 213 (quoting

*Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994)).

Here, Kurland Group has pled—and Glassdoor does not contest—that there is complete

diversity of parties:  Kurland Group is a New York corporation based in New York, and

Glassdoor is a Delaware corporation based in California.  *See* Removal Notice ¶¶ 13–14.  The

Court, however, is unable to find that Glassdoor has carried its burden of establishing the

requisite amount in controversy.

"A removing party has the burden of establishing that 'it appears to a reasonable

probability that the claim' exceeds $75,000." *Vaghela-Omanoff*, 2019 WL 2193820, at *1

(quoting *Scherer v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 397

(2d Cir. 2003)).  "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint,

and the defendant's notice of removal fails to allege facts adequate to establish that the amount in

controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis

for removing the plaintiff's action from state court." *Lupo*, 28 F.3d at 273–74.

To determine the amount in controversy, the Court first looks to the initial pleading.

28 U.S.C. § 1446(c)(2) ("If removal of a civil action is sought on the basis of the jurisdiction

conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy.").  Kurland Group's state court complaint, attached to the Removal Notice, does not allege a specific amount of damages.  Instead, it simply pleads that "[p]laintiff has suffered injuries and damages and continues to suffer such injuries, the full extent of which is not yet known" and asks the Court to "[d]irect[] [d]efendants to pay [p]laintiff an amount of damages to be determined by this Court, including but not limited to compensatory damages and punitive damages."  Removal Notice, Ex. D ("Initial Pleading") ¶¶ 2, 30, 35, 38, 41, Prayer for Relief (c).

If the initial pleading seeks a monetary judgment but "[s]tate practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," the removing defendant "may assert the amount in controversy" in its notice of removal.  28 U.S.C. § 1446(c)(2)(A)(ii).  As with a plaintiff invoking the Court's diversity jurisdiction, "when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."  *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014).  Here, Glassdoor's Removal Notice makes three statements regarding the amount in controversy.  First, it quotes from 28 U.S.C. § 1446(c)(2).  Removal Notice ¶ 11.  Second, it states that "[t]his Court has original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332 insofar as the parties are citizens of different states and the matter in controversy exceeds $75,000.00."  *Id.* ¶ 12.  Third and finally, it states that "[b]ased upon the allegations of injury within the Verified Complaint, there is support for the good faith belief that Plaintiff seeks in excess of $75,000."  *Id.* ¶ 18.  Taken together, these claims fail to satisfy Glassdoor's burden of establishing, to a reasonable probability, that Kurland Group's claims exceed $75,000.

"To be sure, it is not necessary for a removing defendant, at least in the first instance, to present evidence proving that the claim involves more than $75,000 . . . . But there must at least be plausible factual allegations—either in the underlying state court complaint or in the defendant's notice of removal—supporting a determination that the value of the claim exceeds" the amount in controversy. *Vaghela-Omanoff*, 2019 WL 2193820, at *2 (citing *Dart Cherokee Basin Operating Co.*, 574 U.S. at 87); *see also, e.g.*, *Wright v. JB Hunt Transp. Inc.*, No. 19 Civ. 2414 (PKC), 2019 WL 1936725, at *2 (E.D.N.Y. May 1, 2019); *Woodley v. Mass. Mut.*, No. 08 Civ. 949 (NRB), 2008 WL 2191767, at *1–2 (S.D.N.Y. May 23, 2008). Glassdoor's Removal Notice relies entirely on the allegations in the Initial Pleading. But the Initial Pleading, beyond failing to allege any specific amount of damages, fails to allege facts from which the Court can infer that the potential damages would approach, let alone exceed, $75,000. Kurland Group's Initial Pleading is based on an ostensibly "disparaging" employer review that was posted by an alleged employee on Glassdoor's website. *See generally* Initial Pleading. Kurland Group alleges that the contents of this post were defamatory and also false, because Kurland Group does not believe it was posted by a current or former employee. *Id.* ¶¶ 11–16. Kurland Group brought suit against Glassdoor after Glassdoor would not agree to remove the post from its website. *Id.* ¶¶ 18–21. Although the Initial Pleading seeks monetary damages from defendants[1] for breach of contract, defamation, negligence, and tortious interference with

---

[1] The Initial Pleading named Glassdoor, former Kurland Group employee Hannah Fishman, and two unknown individuals (John and Jane Doe) as defendants. *See* Initial Pleading. Kurland Group dismissed Ms. Fishman as a defendant before the case was removed to this Court. *Id.* Defendants John and Jane Doe have yet to be identified and served. The Initial Pleading's claims against Glassdoor are limited to breach of contract (for allegedly "violating its policies and procedures . . . [by] allowing a disparaging and defamatory posting to be made on its Website regarding [Kurland Group] that is not 'truthful' because it contains information that is not accurate and/or the poster was not a current or former employee of [Kurland Group]") and

business relations, it offers no facts from which the Court could assess or infer, other than by conjecture, a good-faith estimate of the potential damages, if any, arising from those claims.[2] The Court is therefore left with no basis to find that the amount in controversy exceeds $75,000, and is instead compelled to conclude that it lacks subject matter jurisdiction.  *See Purdue Pharma L.P.*, 704 F.3d at 213; *Lupo*, 28 F.3d at 273–74.

Because this Court lacks subject matter jurisdiction to hear this case, it must be remanded to state court.  28 U.S.C. § 1447(c).  Glassdoor's motion to dismiss is therefore denied without prejudice.  The Clerk of Court is respectfully directed to terminate the motions pending at dockets 18 and 30, remand this case to New York Supreme Court, New York County, and close this case.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: July 16, 2020
       New York, New York

---

negligence (for allegedly "fail[ing] to protect against improper postings, and fail[ing] to appropriately investigate and/or remedy" the allegedly disparaging post after Kurland Group alerted Glassdoor to it).

[2] Glassdoor fares no better if the Court overlooks Kurland Group's claims for monetary relief and instead considers its claim for injunctive relief, *i.e.*, the removal of the posting from Glassdoor's website.  "In actions seeking declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation.  Because that amount is measured from the plaintiff's perspective, the value of the requested relief is the monetary value of the benefit that would flow to the plaintiff if injunctive or declaratory relief were granted.  Benefits from an injunction must not be 'too speculative' or 'immeasurable.'"  *Am. Standard, Inc. v. Oakfabco, Inc.*, 498 F. Supp. 2d 711, 717 (S.D.N.Y. 2007) (internal citations omitted).  As with the claim for damages, neither the Initial Pleading nor the Removal Notice offers any basis for the Court to determine the value of benefits that would flow to Kurland Group if it were to succeed on its claim for injunctive relief.  *See Wright*, 2019 WL 1936725, at *2.